IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
ELDORADO DIVISION

THEOTIS GOODWIN HILDEBRAND                                                                                    PLAINTIFF

v.                                              Civil No. 1:21-cv-01064

SHERIFF RICKY ROBERTS, Union County;
LIEUTENANT PAUL KRUGLER, Jail Administrator;
SERGEANT J. COTTON; CORPORAL HIGHTOWER;
FORMER NURSE SHERRI RICE; SERGEANT JOHN
WARD; and CAPTAIN RICHARD MITCHAM                                                                     DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants. (ECF No. 11). Plaintiff has not responded and the deadline for him to do so has passed. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motions to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Plaintiff Theotis Goodwin Hildebrand filed his Complaint in this lawsuit on December 9, 2021, 2021. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). In response to this Court's order, Plaintiff filed an Amended Complaint on January 6, 2022, naming the following individuals as Defendants: Sheriff Ricky Roberts, Lieutenant Paul Krugler, Sergeant J. Cotton, Corporal Hightower[1]. *Id.* He is suing Defendants in both their individual and official capacities and is seeking compensatory and punitive damages.

In the Amended Complaint Plaintiff alleges Defendants subjected him to cruel and unusual punishment on August 15, 2018, by "leaving me in Hpod with it filling up with smoke for about 1

---

[1] Defendant Hightower was terminated as a Defendant on January 7, 2022. (ECF No. 9).

hour and having to breath in the smell of burnt copper and burnt rubber and smoke. My chest was hurting, breathing problem, burning feeling in my chest also coughing up black mucus, sever headaches". (ECF No. 8, p. 5). He also alleges he was never provided medical attention. *Id.* at p. 7.

On February 7, 2022, Defendants filed the instant motion arguing Plaintiff's lawsuit was filed more than three years following the alleged deprivation of his rights stemming from the August 15, 2018, incident and therefore his claims should be dismissed as being time-barred in accordance with the statute of limitations. *Id.* Plaintiff has not responded to the Motion to Dismiss and the time for responding has expired.

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Section 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose and, in Arkansas, that is three years. Ark. Code Ann. § 16-56-105 (2005); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001). Here, according to Plaintiff's Complaint, the events at issue occurred on August 15, 2018. Accordingly, the deadline for Plaintiff to file any claims relating to the alleged use of excessive force would have been August 15, 2021.

Plaintiff's original Complaint was signed and dated November 19, 2021, more than three months after the three-year statute of limitations had run. Plaintiff failed to respond to the Motion to Dismiss and therefore failed to allege that any exception to this rule or any equitable cause exists to allow him to pursue his claims. Therefore, Plaintiff's claims for cruel and unusual punishment and denial of medical care set forth in the Amended Complaint are barred by the statute of limitations and Plaintiff has failed to state any claims upon which relief could be granted.

### IV. CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion to Dismiss (ECF No. 11) be **GRANTED** and Plaintiff's Amended Complaint (ECF No. 8) be dismissed **WITH PREJUDICE**.

Adoption of these recommendations would result in the dismissal of the entire action. In that event, I further recommend the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this action would not be taken in good faith, that the Plaintiff be advised the dismissal of this action could constitute a "strike" under 28 U.S.C. § 1915(g), and the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 18th day of March 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE