IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THOETIS GOODWIN HILDEBRAND                                                               PLAINTIFF

v.                                            Case No. 1:21-cv-1064

SHERIFF RICKEY ROBERTS, *et al*.                                                         DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 22. Plaintiff has objected. ECF No. 23. The Court finds the matter ripe for consideration.

On December 9, 2021, Plaintiff filed his complaint against Defendants. ECF No. 1. Plaintiff brought claims pursuant to 42 U.S.C. § 1983 that allege Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment while he was detained in the Union County, Arkansas Jail. *Id*. Plaintiff's Motion to Proceed in forma pauperis ("IFP) (ECF No. 2) was granted (ECF No. 3), and Plaintiff subsequently filed an Amended Complaint (ECF No. 6). On February 7, 2022, Defendants filed a Motion to Dismiss. ECF No. 11. Defendants asserted that the statute of limitations on Plaintiff's claims had elapsed and thus his claims were time barred. ECF No. 12, p. 3-4. Plaintiff never filed a timely response to the Defendants' Motion to Dismiss.

On March 18, 2022, Judge Bryant issued the instant Report and Recommendation. Judge Bryant notes that the incident underlying Plaintiff's complaint occurred on August 15, 2018. ECF No. 22, p. 1-2. Judge Bryant further notes that the statute of limitations on § 1983 claims mirrors the statute of limitations for personal injury torts in the state in which the alleged actions occurred, which is three years in Arkansas. *Id*. at p. 3. After finally noting that Plaintiff filed his complaint more than three years after the alleged incident, Judge Bryant concludes that Plaintiff's claims were filed outside the statute of limitations and must be dismissed with prejudice. *Id*.

Plaintiff filed objections but did not articulate a specific response to any of Judge Bryant's reasoning.  Instead, Plaintiff reiterates the factual allegations underlying his claims and states that the case should not be dismissed because the Defendants need to be held responsible for their actions. ECF No. 23, p. 1.  Without a specific objection from Plaintiff, Judge Bryant's recommendation will only be reviewed for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994).

A response to a pleading can assert the elapse of the statute of limitation as an affirmative defense.  Fed. R. Civ. P. 8(c)(1).  The statute of limitation for claims pursuant to 42 U.S.C. § 1983 generally mirror the statute of limitations for personal injury claims in the state where the incident underlying the claims occurred.  *See Twardowski v. Bismark Police Dept.*, 754 F. App'x 492, 492 (8th Cir. 2019) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).  The statute of limitations for personal injury claims in Arkansas is three years from the date of the incident.  Arkansas Code Ann. § 16-56-105(6).

The Court finds that it must adopt Judge Bryant's recommendation.  Plaintiff filed his § 1983 claims greater than three years after the date of the incident he describes in his complaint.  That puts Plaintiff's claims beyond the statute of limitations for Arkansas personal injury claims and thus beyond the statute of limitation for his § 1983 claims. *See Twardowski*, 654 F. App'x at 492. Therefore, Plaintiffs claims are time barred and must be dismissed with prejudice.

For the reasons stated above, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 22) *in toto*.  Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE** for being filed beyond the applicable statute of limitations.

**IT IS SO ORDERED**, this 15th day of June, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge